UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 2:23-cv-11484 |
| v. | )<br>)<br>) |
| **OLD WOODWARD VENTURES, LLC,** **dba LUXE BAR & GRILL,** and **KARA BONGIOVANNI**, an individual, | )<br>)<br>)<br>) |
| Defendants. | ) |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, has filed a Complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants **Old Woodward Ventures, LLC, dba Luxe Bar & Grill**, and **Kara Bongiovanni** ("Defendants") have appeared by counsel, and, based on an agreement to settle disputed claims, withdraw their Answer, waive any defenses which they may have, and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for

a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7 , 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Old Woodward, LLC dba Luxe Bar & Grille, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise

engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

2. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, bonuses, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Old Woodward Ventures, LLC, dba Luxe Bar & Grill, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Upon advanced written request, Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

3. Defendants agree to implement and maintain an electronic system ("System") that keeps accurate time and payroll records. The System shall be capable of logging the wages, tips, hours worked, and bonuses for each of Defendants' employees on a per-workweek basis. The System shall be capable of recording a description of the work performed by each employee, and each employee's overtime wages for all hours the employee works over 40 hours in workweek. The System shall be capable of recording bonus amounts

and the reasons Defendants paid any bonus. The System must be backed up onto a secure storage platform every day. Defendants shall utilize the System for all records required by Paragraph 2 *supra* and 29 U.S.C. § 211. Defendants shall not use handwritten notes to keep records.

    4.    Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages or engaged in any of the following activities:

    a.    Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b.    Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants;

    c.    Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

4882-2802-7322_1

5. No later than 20 days after execution of this Consent Judgment, Defendants shall distribute a physical copy of the Consent Judgment to each current employee of Old Woodward, LLC, dba Luxe Bar & Grille. For a period of no less than 12 months after the execution of this Consent Judgment, Defendants shall post and maintain a copy of the Consent Judgment in one or more conspicuous places at their worksite where posters for employees are customarily posted. In the same place, Defendants shall also post Wage and Hour Division's FLSA Minimum Wage Poster in English (attached as Exhibit B) and Spanish (attached as Exhibit C).

6. No later than 20 days after execution of this Consent Judgment, Defendants shall distribute to each current employee copies of the following Fact Sheets from the U.S. Department of Labor Wage and Hour Division:

    a. Fact Sheet 17U: Nondiscretionary Bonuses and Incentive Payments (Including Commissions) and Part 541 Exempt Employees (attached as Ex. D);[1]

    b. Fact Sheet # 21: Recordkeeping Requirements under the FLSA (attached as Ex. E);[2]

    c. Fact Sheet # 23: Overtime Pay Requirements of the FLSA (attached as Ex. F);[3]

---

[1] https://www.dol.gov/agencies/whd/overtime/whdfs17u
[2] https://www.dol.gov/agencies/whd/fact-sheets/21-flsa-recordkeeping
[3] https://www.dol.gov/agencies/whd/fact-sheets/23-flsa-overtime-pay

4882-2802-7322_1

    d.  Fact Sheet #56C Bonuses under the FLSA (attached as Ex. G);[4] and

    e.  Fact Sheet #82: Fluctuating Workweek Method of Computing Overtime under the FLSA/ "Bonus Rule" Final Rule (attached as Ex. H).[5]

  7.  Defendants shall not pay any of their employees in cash, regardless of whether such payment is a bonus or compensation for hours worked. Defendant shall pay all employees by check for both overtime and non-overtime hours through Defendants' electronic payroll System, referenced in Paragraph 3 *supra*.

  8.  FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $45,429.50 as set forth in Exhibit A.

  9.  The Acting Secretary shall recover from Defendants the sum of $22,714.25 in unpaid overtime compensation covering the period from October 30, 2019, through October 29, 2021, for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $22,714.25 in liquidated damages.

---

[4] https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses
[5] https://www.dol.gov/agencies/whd/fact-sheets/82-bonus-rule

      a.    Defendants shall pay the above-referenced $45,429.50 by close of business on May 17, 2024. Defendants shall forward their payment in the amount of $45,429.50 to the Wage and Hour Division, U.S. Department of Labor by ACH transfer, credit card, debit card or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

      b.    Defendants shall also furnish to the Acting Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit A.[6]

      c.    Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employees' shares of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A.

---

[6] Employees' names have been redacted for privacy reasons. Defendants acknowledge receiving employees' full names.

4882-2802-7322_1

arising from or related to the back wages distributed by the Acting Secretary.

  d. Neither Defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return of any sums paid under this Consent Judgment.

  e. If an individual named on Exhibit A refuses any sums paid under this Consent Judgment by attempting to return them to Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them and shall ensure that all such sums be immediately paid to the Acting Secretary for deposit as above. Defendants shall have no further obligations with respect to such monies.

  f. Any monies not disbursed by the Department of Labor after three years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

  g. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

10. By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 8th day of August, 2024.

s/George Caram Steeh
Hon. George Caram Steeh
United States District Judge

Entry of this judgment
is hereby consented to:

**For Defendants:**

Date  5/14/2024

**OLD WOODWARD VENTURES, LLC, dba LUXE BAR & GRILL**

  s/Kara Bongiovanni

Its President/Owner

  s/Kara Bongiovanni
**KARA BONGIOVANNI**, Individually

APPROVED:

  s/Steven P. Dunn
Stephen P. Dunn
Bodman PLC
201 W. Big Beaver, Suite 500
Troy MI 48084
248-743-6002
SDunn@bodmanlaw.com
248-743-6031

*Counsel for Defendants*

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

  s/Nicholas R. Flores  5/14/2024
**NICHOLAS R. FLORES**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
(312) 353-7836
flores.nicholas.r@dol.gov

*Attorneys for Plaintiff* JULIE A. SU,
*Acting Secretary of Labor, United*
*States Department of Labor*